**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BARBARA D. WILLIAMS, et al.,** ) | |
| ) | |
| ) | **CIVIL ACTION** |
| **Plaintiffs,** ) | |
| ) | **No. 04-2561-KHV** |
| **v.** ) | |
| ) | |
| **WADDELL & REED INVESTMENT** ) | |
| **MANAGEMENT COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### ORDER

This matter is before the Court on defendants' Motion Concerning Recusal Under 28 U.S.C. § 455 (Doc. #40) filed April 21, 2005. For reasons stated below, defendants' motion is overruled.

### Factual Background

Plaintiffs own several mutual funds which defendants created, sold, advised and managed. Plaintiffs have filed suit under the Investment Company Act of 1940, as amended, 15 U.S.C. §§ 80a-35(b), 80a-12(b), alleging that defendants charged excessive fees and retained economies of scale in violation of their fiduciary duty to plaintiffs and the mutual funds.

The undersigned judge has investments in mutual funds sponsored by American Century and Janus (not mutual funds of Waddell & Reed). Three cases which involve American Century and Janus funds are pending in the Western District of Missouri and the District of Colorado. These cases include allegations which are similar to those against Waddell & Reed in this case. All four cases seek a future reduction in fees payable to mutual fund advisors and damages to the holders of the mutual funds.

Defendants seek recusal of the undersigned judge under 28 U.S.C. § 455.

## **Analysis**

**I.     Section 455(b)(4)**

A judge must disqualify herself if she knows that she has "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Based on the undersigned judge's ownership of other mutual funds, defendant relies on the second clause of Section 455(b)(4). See defendants' Memorandum In Support Of Motion Concerning Recusal (Doc. #41) filed April 21, 2005 at 3, & 4 n.1; see also In re N.M. Nat. Gas Antitrust Litig., 620 F.2d 794, 796 (10th Cir. 1980) (analyzing remote, contingent benefit such as a possible beneficial effect on future utility bills under second clause of Section 455(b)(4)).

Defendants maintain that a judge with an ownership interest in a company in the same industry as a party must recuse herself if the case will have a substantial effect on all companies in that industry. Defendants' Memorandum In Support Of Motion Concerning Recusal (Doc. #41) at 3. Defendants, however, have not shown that the undersigned judge's interest in other mutual funds could be substantially affected by the outcome of this case. Defendants do not dispute that the issues to be decided in this case will primarily be factual rather than legal issues. See Plaintiffs' Memorandum In Opposition To Defendants' Motion Concerning Recusal (Doc. #42) filed May 3, 2005 at 5. To the extent that the Court is required to decide legal issues, defendants have not shown that this Court's rulings will have any binding or precedential effect on mutual fund litigation in other jurisdictions. On the present record, even if the Court's legal rulings might theoretically affect other cases, any potential benefit to the undersigned judge is too

2

remote and insubstantial to require recusal. See Booth v. I.R.S., 37 F.3d 1509, 1994 WL 563437, at *2 (10th Cir. 1994) (judge's mere status as taxpayer does not require recusal); In re Placid Oil Co., 802 F.2d 783, 786-87 (5th Cir. 1986) (recusal not required in case involving 23 Texas banks where judge had large investment in non-party Texas bank); Dep't of Energy v. Brimmer, 673 F.2d 1287, 1295 (Temp. Emergency Ct. App. 1982) (mere possibility that value of shares held by judge might be affected in some very small way is not "substantial" and does not require recusal); In re N.M. Nat. Gas Antitrust Litig., 620 F.2d at 796 (remote, contingent benefit such as a possible beneficial effect on future utility bills does not require recusal).

## II.     Section 455(a)

Defendants also seek recusal under Section 455(a). Under that section, a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give [her] an interest in the litigation then an appearance of partiality is created even though no actual partiality exists." United States v. Stenzel, 49 F.3d 658, 661 (10th Cir.) (further citation omitted), cert. denied, 516 U.S. 840 (1995). The standard for impartiality under 28 U.S.C. § 455 is an objective one, requiring recusal only if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (further quotations omitted). Defendants have not shown actual partiality, or an appearance of partiality, on the part of the undersigned judge. The fact that a judge has a limited ownership interest in other mutual funds does not establish partiality against the entire mutual fund industry. A reasonable person knowing all the relevant facts would not doubt the undersigned judge's

impartiality.

**IT IS THEREFORE ORDERED** that defendants' Motion Concerning Recusal Under 28 U.S.C. § 455 (Doc. #40) filed April 21, 2005 be and hereby is **OVERRULED**.

Dated this 2nd day of June, 2005 at Kansas City, Kansas.

                                    s/ Kathryn H. Vratil
                                    Kathryn H. Vratil
                                    United States District Judge